**FILED**
**U.S. District Court**
**District of Kansas**
03/17/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

DONALD M. MCALISTER,

      **Plaintiff,**

      v.                              **CASE NO.  26-3045-JWL**

STATE OF KANSAS, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Donald M. McAlister is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff's claims relate to his state criminal proceedings.   Plaintiff claims that on September 2, 2025,  the affidavit filed by Defendant Morgan was notarized by Defendant Bahler using a notary stamp reflecting that Bahler's appointment expired on March 17, 2025.  (Doc. 1, at 1.)  Plaintiff alleges that the affidavit was submitted in support of a motion alleging probation violations in Case No. LV-2021-CR-000152 in the District Court of Leavenworth County, Kansas.  *Id*. at 2.  Plaintiff claims that after looking at the documents provided to him by his attorney, Plaintiff realized that his constitutional rights, privileges, and immunities were violated.  *Id*. at 5.

1

Plaintiff names as defendants:  the State of Kansas; Patricia Bahler, State of Kansas Notary Public; and Kristie Morgan, Leavenworth County Community Corrections (ISO).  For relief, Plaintiff seeks $1.5 million for his "constitutional rights being violated for the expired notarization and handling of such document by 3 state employees who work for Leavenworth County, Kansas." *Id*.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2); *see also* 28 U.S.C. § 1915(e)(2)(B) (where a plaintiff proceeds in forma pauperis the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Constitutional Violation

Plaintiff has failed to allege a constitutional violation.  He makes the bald conclusion that the expired notary seal violated his constitutional rights, privileges, and immunities. (Doc. 1, at 5.) He fails to allege how this violated his constitutional rights.

In *Armijo v. Hayes*, the court addressed an argument that an affidavit in support of a search warrant was invalid because the notary failed to provide the date her commission expires.  *Armijo v. Hayes*, 2016 WL 1169310, at \*3 (D. N.M. 2016).  The court discussed the sufficiency of the affidavit under federal standards, noting that "to state a claim under § 1983, an injured person must allege a violation of a federally protected right."  *Id*. at \*6.  The court found that even though the affidavit was notarized on a blank page and omitted the notary's commission expiration date, the affiant attempted to properly notarize the affidavit that bore the official seal of the notary and stated that it was "[s]ubscribed and sworn to or declared and affirmed to me . . .."  *Id*. (citation omitted). The court refused to "declare the warrant invalid based on formalistic requirements alone."  *Id*. \*7; *see also State v. Finch*, 1999 WL 35815187, at \*2 (Kan. Ct. App. 1999) (noting that the defendant did not argue that any of the allegations within the body of the affidavit were false and only argued that the incorrect dates with respect to notarization of the document rendered the search warrant invalid).

Plaintiff has failed to state a claim based on the violation of his constitutional rights. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

### 2. Heck Bar

Even if Plaintiff could allege a constitutional violation, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

The *Heck* bar has been applied to parole and probation revocations. *See Wingo v. Mullins*, 400 F. App'x 344, 347 (10th Cir. 2010) (finding claim that probation officer and state attorney

coerced plaintiff into pleading guilty and admitting violations of his supervised release cannot be pursued "until his conviction and revocation are reversed or set aside") (citing *Heck,* 512 U.S. at 486–87 (holding that a convicted person cannot bring a civil action that undermines the validity of his conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid ... or called into question by a ... writ of habeas corpus."); *see, e.g., Connors v. Graves,* 538 F.3d 373, 378 (5th Cir. 2008) (concluding that challenge to voluntariness of guilty plea undermined plaintiff's conviction, and was therefore barred by *Heck* ); *cf. Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (holding that *Heck* applies to parole revocations in both § 1983 and *Bivens* actions)); *see also Cheatham-Bey v. Waters*, 2018 WL 10911502, at *3 (D. Kan. 2018) ("Even though Plaintiff does not request release from custody in this action, the fact that a judgment in his favor here would call into question the legality of his probation revocation implicates *Heck*."); *Hearst v. Keating*, 2007 WL 2572419, at *2 (D. Kan. 2007) (citing *Heck* and finding that "to the extent plaintiff's allegations of procedural error in the . . . preliminary hearing necessarily imply the revocation of his parole was constitutionally deficient, plaintiff may not proceed on his claims until he can show the revocation decision was set aside or otherwise invalidated"); *Fanniel v. Fredricks*, 2006 WL 3314555, at *1 (D. Kan. 2006) (finding *Heck* applies to claims necessarily implicating the validity of the revocation of parole or probation).

The online docket for Case No. 2021-CR-152 shows that the motion alleging probation violations and affidavit in support were filed on September 2, 2025. *See State v. McAlister*, Case No. LV-2021-CR-000152 (District Court of Leavenworth County, Kansas). On September 24, 2025, the state court judge found that there was probable cause for an arrest warrant and issued an arrest warrant. *Id*. The October 15, 2025 entry on the docket contains hearing notes and states

that Plaintiff appeared, waived his right to an evidentiary hearing, and stipulated to the motion to revoke or modify probation. *Id*. The court accepted the stipulation, found that Plaintiff violated his probation, and revoked his probation. *Id*. On October 27, 2025, the court entered a Kansas Sentencing Guidelines Journal Entry of Probation Violation Hearing, reflecting that his original sentence provided for 12 months of imprisonment, and calculating his sentence begin date as April 21, 2025, after granting credit for jail time. *Id*.

In *Walker v. Kansas*, the Court found that the claims calling into question the lawfulness of the state court's revocation of plaintiff's probation and/or its order for plaintiff to serve the underlying sentence were barred by *Heck* where plaintiff failed to allege that the revocation or the order had been invalidated. *Walker v. Kansas*, 2025 WL 2879444, at *3 (D. Kan. 2025). Plaintiff has not alleged that the revocation of his probation or the order for him to serve his underlying sentence has been invalidated. Plaintiff should show good cause why his claims are not barred by *Heck*.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in forma Pauperis (Doc. 4) is **granted**. Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28

7

U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 17, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 17, 2026, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**