**FILED**
**U.S. District Court**
**District of Kansas**
04/23/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD M. MCALISTER,

    **Plaintiff,**

    v.

                                          CASE NO. 26-3045-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On March 17, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until April 17, 2026, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's claims relate to his state criminal proceedings. Plaintiff claims that on September 2, 2025, the affidavit filed by Defendant Morgan was notarized by Defendant Bahler using a notary stamp reflecting that Bahler's appointment expired on March 17, 2025. (Doc. 1, at 1.) Plaintiff alleges that the affidavit was submitted in support of a motion alleging probation violations in Case No. LV-2021-CR-000152 in the District Court of Leavenworth County, Kansas. *Id*. at 2. Plaintiff claims that after looking at the documents provided to him by his attorney, Plaintiff realized that his constitutional rights, privileges, and immunities were violated. *Id*. at 5.

The Court found in the MOSC that Plaintiff failed to allege a constitutional violation. Although he makes the bald conclusion that the expired notary seal violated his constitutional rights, privileges, and immunities, he fails to allege how this violated his constitutional rights.

1

The Court also found in the MOSC that even if Plaintiff could allege a constitutional violation, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. The *Heck* bar has been applied to parole and probation revocations. *See Wingo v. Mullins*, 400 F. App'x 344, 347 (10th Cir. 2010).

The Court noted in the MOSC that the state court entered a docket entry on October 15, 2025, containing hearing notes and stating that Plaintiff appeared, waived his right to an evidentiary hearing, and stipulated to the motion to revoke or modify probation. *See State v. McAlister*, Case No. LV-2021-CR-000152 (District Court of Leavenworth County, Kansas). The court accepted the stipulation, found that Plaintiff violated his probation, and revoked his probation. *Id*.

In *Walker v. Kansas*, the Court found that the claims calling into question the lawfulness of the state court's revocation of plaintiff's probation and/or its order for plaintiff to serve the underlying sentence were barred by *Heck* where plaintiff failed to allege that the revocation or the order had been invalidated. *Walker v. Kansas*, 2025 WL 2879444, at *3 (D. Kan. 2025). Plaintiff has not alleged that the revocation of his probation or the order for him to serve his underlying sentence has been invalidated. The Court ordered Plaintiff to show good cause why his claims are not barred by *Heck*.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of

2

this matter without further notice." (Doc. 6, at 7.)  Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.[1]

IT IS THEREFORE ORDERED that this matter is dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated April 23, 2026, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

---

[1] A dismissal based on *Heck* is for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011).